UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUSUF AL-RAHMAN,<br><br>                         Plaintiff,<br><br>      v.<br><br>AMERICAN SUGAR REFINING, INC., *et al.*,<br><br>                         Defendants. | 1:19-CV-07886 (DLC)<br><br>**(ECF Case)**<br><br>**STIPULATION AND [PROPOSED]<br>ORDER RE CONFIDENTIALITY<br>OF DOCUMENTS AND<br>INFORMATION** |

       WHEREAS, the parties to the this action anticipate exchanging documents and information during the course of this action that either Plaintiff or Defendants will assert contain confidential, proprietary, trade secret, or personal information concerning the parties, third persons and/or the events and occurrences forming the subject of this action;

       The parties to this action, through their respective counsel of record, **HEREBY STIPULATE** to the following, and request that this Stipulation be entered as an Order of the Court:

       1.      For the purposes of this Stipulation and [Proposed] Order Regarding Confidentiality of Documents and Information (the "Protective Order"), "Confidential Information" shall mean all documents, information or other materials (including the contents thereof) that contains confidential, proprietary, trade secret, or private information of a personal, financial or sensitive nature regarding: (a) the parties to this action; and/or (b) current or former employees, officers, consultants, independent contractors, and/or directors of American Sugar Refining, Inc. and affiliated companies.  All information or material that the producing party believes in good faith fits within the above definition and is worthy of protection may be marked or designated "Confidential," to be treated in accordance with the provisions of this Protective Order.

2. Documents containing Confidential Information relating to Plaintiff's co-workers and Plaintiff's medical records shall be designated "Confidential – For Attorneys Eyes Only." Documents designated "Confidential – For Attorneys Eyes Only" shall not be shared with Plaintiff, and disclosed only to Plaintiff's counsel and office personnel employed or engaged in the preparation for, or in aiding in the trial of this action and any appeals. This information may also be furnished to individuals providing technical or expert services with respect to the subject matter for the trial of this action. This information may also be shared with mediators retained by the parties or assigned by the Court to help resolve this action.

3. Confidential Information produced in connection with this action may be used and retained for purposes of this action only.

4. Access to and/or disclosure of all or any part of the Confidential Information shall be permitted only to the following persons (the "Designated Persons"):

    (a) The parties to this action.

    (b) Third parties who are deposed by any party in this action.

    (c) Counsel for the parties to this action, including in-house counsel and their paralegals and/or assistants, who are charged with responsibility for and are actively engaged in the preparation of this matter for trial and in the actual trial on this matter or any appeal therein ("Counsel"), and to Counsel's employees and independent contractors, such as paralegals, secretaries and clerical employees, who are actually involved in the preparation and/or trial of this action or any appeal therein.

    (d) Employees and independent contractors of the parties (other than Counsel's paralegals and assistants) hired or retained solely for the purpose of prosecuting or defending this action.

    (e) Experts and consultants retained by the parties to assist in the preparation and trial of this action.

   (f) Court reporters at deposition and trial or in connection with any motion or hearing in this action.

   (g) The Judge in this action and all Court personnel.

   (h) Mediators retained by the parties and/or assigned by the Court.

 5. All those Designated Persons identified in paragraphs 3(b), 3(e), and 3(f) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made shall, prior to such access or disclosure, be required to read this Protective Order and agree in writing to comply with its terms.  If any such person fails or refuses to agree in writing to comply with the terms of this Protective Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at that time.  The parties, or any of them, may then seek relief from the Court as to, among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

 6. Confidential Information may be used solely in connection with this action, including, but not limited to, for the purposes of motions, hearings, briefs, preparation for trial, and trial.  Except as specifically provided herein, each Designated Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information, or any excerpt, summary, abstract or index thereof.

 7. This Protective Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Protective Order, currently has access to, or possession of, Confidential Information.

 8. If Confidential Information is disclosed at a deposition, whether by testimony or as exhibits, only those persons may be present who are authorized by the terms of this Protective Order to have access to such material.  Either party may designate portions of the transcript as confidential by notifying the other party on the record at the time of the testimony, or in writing within fourteen days of receipt of the transcript of the pages and lines that contain Confidential Information.  All parties shall treat deposition transcripts as Confidential Information in their entirety during the fourteen-day designation period.

9. No modification or other change to this Protective Order shall be effective unless it is in writing and signed by all counsel of record, or has been reduced to an Order of the Court.

10. By agreeing to the procedures set forth in this Stipulation, none of the parties agrees to produce any documents or waives or prejudices any objection he, she or it may have to the production of any documents. Nothing contained herein shall prejudice the right of a party to object to the production of any documents. In addition, the fact that a party has entered into this Protective Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges). This Protective Order does not prejudice the right of any party to apply to the Court for an Order compelling production of documents or to apply to the Court for:

(a) a further Protective Order relating to any discovery in this action; or,

(b) an Order declaring that a document or information designated as "Confidential" is not confidential and should not be subject to this Protective Order; and likewise does not prejudice the right of any party to object to any such application or motion.

11. If any information designated as Confidential is inadvertently produced without being marked in accordance with this Protective Order, the failure to so mark the document or other material shall not be deemed a waiver. Until the document or other material is designated as Confidential by the party producing it, the party discovering the document or material shall be entitled to treat it as non-confidential. When the document or material is designated as Confidential, however, counsel to the party discovering it shall take prompt and reasonable steps to attempt to have the document or material marked as Confidential or returned to the party producing the document or material for "Confidential" designation pursuant to paragraph 1 of this Protective Order. This does not waive the receiving party's right to challenge the producing party's confidential designation.

12. Confidential Information (including confidential portions of documents or transcripts) or any document that discloses the substance or content of Confidential Information, used in connection with any motion, other written submission, hearing or trial in this action, ~~shall be filed under seal, or~~ shall be submitted to the Court in such other manner as the Court may order, to protect the confidentiality of such information. (DLC)

13. All Confidential Information produced during discovery, and all copies, digests, or summaries, except for attorney work product, made thereof, including copies, digests, or summaries distributed to experts or consultants, and those appended to depositions, shall either be: (1) returned to the producing parties within sixty (60) days after final determination of this action; or (2) destroyed by the party possessing such Confidential Information within sixty (60) days after final determination of this action. In the event a party chooses the latter option, the party shall provide the other parties with a certificate attesting to such destruction within ten (10) days after such destruction occurs.

14. If any party is served with a subpoena or Court Order requiring the disclosure of any Confidential Information, that party shall notify all other parties to this action in writing c/o each party's respective counsel of record via email and overnight mail within three business days of being served with such subpoena or Court Order.

So ordered. 5.04.2020.

_/s/ Denise Cote_____
DENISE COTE
United States District Judge

Dated: May 1, 2020
       New York, New York

By: _/s/ Stephanie Correa_____
    Derek S. Sells, Esq.
    Stephanie Correa, Esq.
    THE COCHRAN FIRM
    One Exchange Plaza
    55 Broadway, 23rd Floor
    New York, NY 10006
    Phone: 212.553.9215
    dsells@cochranfirm.com
    scorrea@cochranfirm.com
    *Attorneys for Plaintiff*

By: _/s/ Lawrence Sandak_____
    Lawrence Sandak, Esq.
    Rebecca Sivitz, Esq.
    PROSKAUER ROSE, LLP
    Eleven Times Square
    New York, NY 10036-8299
    Phone: 212.969.3410
    lsandak@proskauer.com
    rsivitz@proskauer.com
    *Attorneys for Defendants*

## **ORDER**

The above Stipulation of the parties is **HEREBY ENTERED** as an Order of the Court.

Dated: _____            _____
                                                                     Honorable Denise Cote
                                                                     United States District Judge